UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>Plaintiffs,<br><br>v.<br><br>6830 La Jolla Blvd., LLC; MLT Encinitas, LLC; Does 1–10,<br><br>Defendant. | Case No.: 3:19-cv-1790-GPC-NLS<br><br>**ORDER**<br><br>**ECF No. 5.** |

On October 31, 2019, Defendant 6830 La Jolla Blvd., LLC[1], moved the Court for an order dismissing Plaintiff's complaint for lack of standing, denying supplemental jurisdiction over the state law claim, and instructing Plaintiff to file a more definite statement. (ECF No. 5.) On December 2, 2019, Plaintiff Chris Langer filed an opposition. (ECF No. 10.) On December 13, 2019, Defendant filed a reply. (ECF No. 11.)

---

[1] Plaintiff makes his allegations with respect to both Defendants, 6830 La Jolla Blvd., LLC and MLT Encinitas, LLC. However, because the Court entered a Default Judgment against Defendant MLT Encinitas, LLC, (ECF No. 8), and Defendant 6830 La Jolla Blvd., LLC, filed the instant motions separately (ECF No. 5), any subsequent reference to "Defendant" applies to 6830 La Jolla Blvd., LLC, unless otherwise noted.

Having reviewed the papers and caselaw, the Court **DENIES** Defendants' motions to dismiss the complaint and for a more definite statement. The Court **GRANTS** Plaintiff's motion on supplemental jurisdiction and dismisses Plaintiff's state law claim.

**I.     Allegations in the Complaint**

Plaintiff Chris Langer is a California resident and paraplegic who cannot walk. (ECF No. 1, Complaint at ¶ 1.) He uses a wheelchair for mobility. (*Id.*) His van requires special equipment to deploy his wheelchair out of the passenger side door. (*Id.*) The State of California has given him a Parking Placard reserved for people with disabilities. (*Id.*)

In September 2019, Plaintiff went to the Nautilus Tavern, a "Restaurant" located at 6830 La Jolla Blvd and owned by Defendant. (ECF No. 1, Complaint at ¶¶ 2–5, 10.) The Restaurant "failed to provide accessible parking" on that date. (*Id.* at ¶ 12.) Plaintiff personally encountered this barrier, causing him "difficulty and discomfort." (*Id.* at ¶ 16.) Plaintiff believes that Defendant's parking lot still does not provide accessible parking. (*Id.* at ¶ 13.) Plaintiff further alleges that he believes the Restaurant creates a second barrier by not providing accessible restrooms. (*Id.* at ¶ 17.) Plaintiff admits he did not encounter the restrooms himself. (*Id.*)

Plaintiff asserts that these two barriers are easily replaced. (*Id.* at ¶ 19.) Plaintiff offers that he "will return to the Restaurant . . . to determine compliance with disability access laws" once Defendant informs him it has fixed these barriers. (*Id.* at ¶ 20.) Plaintiff further asserts that he "seeks to have all barriers related to his disability remedied," whether or not they are named in the complaint at this time. (*Id.* at ¶ 21.)

Plaintiff asserts two causes of action based on these facts. First, Plaintiff alleges that Defendant's failure to provide accessible parking and accessible restrooms constitutes a failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (ECF No. 1, Complaint at ¶¶ 22–30); *see also* 42 U.S.C. § 12182(b)(2)(A)(ii), (iv); 42 U.S.C. § 12183(a)(2). Second, Plaintiff alleges Defendant's conduct likewise violates California's Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., because "a violation of the ADA is a violation of the Unruh Act." (ECF No. 1,

Complaint at ¶ 32.) Plaintiff seeks (1) injunctive relief compelling Defendant to comply with the ADA and the Unruh Act; (2) damages for $4,000, at a minimum, per offense, under the Unruh Act; and (3) reasonable attorney fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52. (ECF No. at 7, Complaint at Prayer.)

## II. Motion to Dismiss for Lack of Standing.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]o satisfy Article III's case or controversy requirement, [a plaintiff] needs to show that he has suffered an injury in fact, that the injury is traceable to the challenged action of [the defendant], and that the injury can be redressed by a favorable decision." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir. 2002)). An ADA "plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he files a complaint and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact for the purpose of Article III." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

Here, only the first factor, injury-in-fact, is contested. Defendant argues that Plaintiff does not allege sufficient facts to properly plead an injury from the allegedly inaccessible parking and bathrooms. (ECF No. 5-1 at 4) ("Plaintiff alleges that the parking is not accessible, but provides no facts as to how it is accessible, not how it relates to his disability. . . [Plaintiff] alleges that the bathrooms do not comply, but states he has not encountered barriers.") Defendant's argument relies primarily on *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). In *Chapman*, plaintiff "attached to his complaint an 'Accessibility Survey,' which listed barriers known

3

to him that he claim[ed]" violated the ADA and relate statutes. *Id.* Plaintiff, however, failed to "allege[] what those barriers were and how his disability was affected by them." *Id.* Plaintiff responds that Defendant misreads *Chapman*, which holds that "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing." (ECF No. 10 at 11 (quoting *Chapman*, 631 F.3d at 948)), and that his complaint adequately pleads his standing. (*Id.* at 7–16).

The Court agrees with Plaintiff and finds that Plaintiff's complaint is unlike the complaint in *Chapman* because it alleges the necessary facts to show standing. Plaintiff states that he travels by wheelchair, and that his van uses special equipment to permit him to enter and exit the van on his wheelchair. (ECF No. 1, Complaint at ¶ 1.) Instead of relying on an attached, general list of regulatory violations, Plaintiff states that he personally encountered parking at the Restaurant that was not accessible to him given his specific disability, thus causing him "difficulty and discomfort" and "deter[ing him] from returning." (*Id.* at ¶¶ 12–16.) Consequently, Plaintiff highlights Defendant's barrier and explains how that barrier "deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at" the Restaurant, namely, its lack of accessible parking. *Chapman*, 631 F.3d at 955.

Defendant's arguments that Plaintiff's allegations lack specificity fail. (ECF No. 11 at 7–8). Under the more relaxed pleading standards of the ADA, Plaintiff need not articulate how the Restaurant's parking specifically violated the ADA Accessibility Guidelines ("ADAAG"), *see, e.g.*, 36 C.F.R. § Pt. 1191, App. B at § 208.21 (number of parking spaces); 36 C.F.R. § Pt. 1191, App. B at § 502.4 (rules on the height of access aisles), because it is sufficient, "[a]s a matter of law," for Plaintiff to state that he "encountered barriers to access" and that he "was deterred by accessibility barriers from visiting [the Restaurant]." *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007); *Schutza v. Alessio Leasing, Inc.*, No. 18-CV-2154-LAB, 2019 WL 1546950, at *2 (S.D. Cal. Apr. 8, 2019) ("Federal Rules do not permit dismissal of an ADA complaint based on such formalities"). This kind of pleading adequately "notifies

defendant that discovery is needed to determine the exact barriers" causing Plaintiff's injury. *See Sharp v. Islands California Arizona LP*, 900 F. Supp. 2d 1101, 1106–07 (S.D. Cal. 2012); *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1155 (N.D. Cal. 2011). And, while other ADA complaints have contained more detailed allegations, a higher degree of specificity is not required, and may, in fact, preclude Plaintiff "from later alleging another defect with respect to the [parking lot or bathroom.]" *Sharp*, 900 F. Supp. 2d at 1107 (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011)). Consequently, as in *Sharp*, the Court finds that Plaintiff's "barrier allegations fall somewhere between *Skaff* and *Oliver*,"[2] and are thus sufficiently specific to meet the ADA pleading standard for standing. *Id.*

Lastly, that Plaintiff did not personally encounter an inaccessible bathroom does not deprive him of standing. (ECF No. 1, Complaint at ¶ 17); *Chapman*, 631 F.3d at 951 (permitting standing to sue for unencountered barriers). Afterall, an "ADA challenge to unencountered barriers does not implicate the prohibition on generalized grievances, or violate prudential standing principles, by raising the rights of third parties rather than the rights of the individual plaintiff." *Id.* And, by permitting Plaintiff to sue for all barriers in the same action, the court discourages "piecemeal compliance with the ADA" and better achieves "the ADA's remedial goals of eliminating widespread discrimination against the disabled and integrating the disabled into the mainstream of American life." *Id.* at 952.

**III. Motion for a More Definite Statement.**

Rule 12(e) provides that a party may move for "a more definite statement of a pleading" if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are "viewed with disfavor and are rarely granted." *See Sagan v.*

---

[2] Compare *Skaff*, 506 F.3d at 836 ("In addition to the problems with the shower described above, paragraph 14 of Skaff's complaint alleged more generally that 'during the course of his stay at the Hotel, Plaintiff encountered numerous other barriers to disabled access, including 'path of travel,' guestroom, bathroom, telephone, elevator, and signage barriers to access, all in violation of federal and state law and regulation.'") with at *Oliver*, 654 F.3d at 906 (listing 18 architectural defects specific to Defendants' facilities, including for example that the "pay point machine is mounted too high and out of reach").

*Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "A motion for a more definite statement attacks intelligibility, not simply lack of detail." *Morales v. Truss*, No. 15-CV-01241-BAS, 2015 WL 5331616, at *2–3 (S.D. Cal. Sept. 14, 2015) (quoting *Gregory Vill. Partners v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011)). "For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.* Also, "[i]f the facts sought by a motion for a more definite statement are obtainable by discovery, the motion should be denied." *Lunger v. Witt*, No. 2:15-CV-00486-MCE, 2015 WL 4460813, at *3 (E.D. Cal. July 21, 2015).

Here, Defendant argues that Plaintiff "does not adequately describe what the barriers are that give rise to the Complaint." (ECF No. 5-1 at 5.) In light of the breadth of Plaintiff's allegations, Defendant is "unable to respond without prejudice" because it would have to "generally deny all allegations." (*Id.* at 5–6.) Defendant may then "miss the opportunity for other" motions under Federal Rule of Civil Procedure 12, (*id.* at 6), or inadvertently waive affirmative defenses. (ECF No. 11 at 8–9.) Plaintiff might, "[b]y way of example," waive (1) a motion to dismiss the claims on the basis that "the barriers Plaintiff alleges may already be fixed," (ECF No. 5-1 at 6), or (2) the affirmative defense that Plaintiff's alleged barriers are not "easily removeable." (ECF No. 11 at 8–9.) Defendant also asserts that it owns a building (presumably at the same address) containing "multiple tenants, covenants, and structurally different parking lots," such that it "cannot adequately respond" until Defendant identifies "the operate lot." (*Id.* at 9.) Plaintiff maintains that the complaint is sufficiently pled but does not otherwise contest Defendant's specific arguments as to a more definite statement. (ECF No. 10 at 7–16.)

The Court denies Defendants' motion for a more definite statement. As discussed, Plaintiff's complaint is specific enough to put Defendant on notice as to the claims raised under the ADA – a failure to provide accessible parking and accessible bathrooms – and the Court finds that discovery is a more appropriate vehicle to resolve any remaining ambiguities. *Sharp*, 900 F. Supp. 2d at 1106–07; *cf. Levy v. FCI Lender Servs., Inc.*, No.

6

18-CV-2725-GPC, 2019 WL 6877596, at *11 (S.D. Cal. Dec. 17, 2019) (granting motion for more definite statement where plaintiff's 49-page complaint was devoid of *any* factual allegations against a particular defendant). In addition, the Court sees no reason why Defendant cannot both deny each allegation and assert, in the alternative, an affirmative defense that any existing defects are not easily removable. Lastly, to the extent that there is currently any doubt as to which portion of the parking lot at issue allegedly violates the ADA, the Court is confident that this will be quickly resolved through discovery such that a more definite pleading is not necessary. *Lunger*, 2015 WL 4460813, at *3.

**IV. Supplemental Jurisdiction over State Law Claim.**

Under 28 U.S.C. § 1367(c), a court can decline to assert supplemental jurisdiction over a pendant claim if one of the following four categories applies: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. The Court **DECLINES** to adopt jurisdiction pursuant to the second and fourth factors.

First, the Court agrees with Defendant that Plaintiff's state law claim predominates over his ADA claim under 29 U.S.C. 1367(c)(2). As Defendant notes, Plaintiff has brought this suit "primarily for monetary damages rather than injunctive relief." (ECF No. 5-1 at 3); *see Schutza v. Alessio Leasing, Inc.*, No. 18-CV-2154-LAB (AGS), 2019 WL 1546950, at *3 (S.D. Cal. Apr. 8, 2019) (finding plaintiff's Unruh Act claim substantially predominate over his ADA claim where "the money damages available to him [were] open-ended"). Plaintiff's complaint contains two violations, which if found to be true would entitle Plaintiff to at least $8,000 in damages, and expressly notes that "there are other violations and barriers on the site." (ECF No. 1, Complaint at ¶ 21, 25, 27). And, as Plaintiff explains, any "serial litigator is motivated by the right to recover statutory penalties." (ECF No. 10 at 23.) It thus seems likely that Plaintiff's sought-after recovery (1) may increase substantially after an investigation of the Restaurant, and (2)

7

animates the instant filing. Consequently, as has been the case with some of Mr. Langer's prior ADA suits, this Court declines to exercise jurisdiction over the Unruh claim because it substantially predominates over the ADA claim. *See Langer v. Deddeh,* No. 19-CV-1879-CAB, 2019 WL 4918084, at *1 (S.D. Cal. Oct. 4, 2019); *Langer v. Petras*, No. 19-CV-1408-CAB, 2019 WL 3459107, at *1 (S.D. Cal. July 31, 2019).

Second, the Court finds that there is an exceptional reason here to defer to California state courts in deciding the instant case.[3] On October 10, 2015, California raised the pleading standards for high frequency litigants: (a) plaintiffs who filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding a lawsuit, and (b) attorneys who represented 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding a lawsuit. Cal. Civ. Proc. Code § 425.55(b)(1)–(2). This law was passed to "limit" the filings of a "very small number of plaintiffs" responsible for "a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year." *Id.* at § 425.55(1)(b). Since the passage of this law, federal courts have repeatedly declined to seek jurisdiction over state law claims in lawsuits where the plaintiff or attorney might fall into this category. *See, e.g.*, *Theroux v. Mar-Con Prod.*, Inc., No. 19-CV-1810-H, 2019 WL 6829096, at *4 (S.D. Cal. Dec. 13, 2019); *Rutherford v. Ara Lebanese Grill*, No. 18-CV-01497-AJB, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019); *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D.

---

[3] Notably, Defendant also asks that the Court decline jurisdiction under the first factor – that this suit "raises novel issues of state law." (ECF No. 5-1 at 3.) As Defendant notes, Plaintiff is a "high frequency litigator" in the parlance of California law, and would thus be subject to a higher pleading standard in California state court. (*Id.* at 3–4); *see Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Here, however, the applicable pleading standard is derived from the Federal Rules of Civil Procedure and federal common law, *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012) ("state pleading standards do not apply in federal court"), and thus Plaintiff's status in California state court has no bearing here. Because the Court finds that Plaintiff's complaint does not require this Court to interpret or adjudicate "a novel or complex issue of State law," 28 U.S.C. § 1367(c)(1), and thus the Court cannot find for Defendant on this ground.

Cal. 2017). Doing so comports with the twin aims of "discourage[ing] forum shopping" and respecting comity, i.e., permitting "California courts [to] interpret California law." *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005).

Here, Defendant argues that Plaintiff is one such litigant, and thus the Court should decline jurisdiction. (ECF No. 5-1 at 3; ECF No. 11 at 5–6.) Plaintiff does not deny being a serial litigant, and responds instead by asserting that Defendant's assertions unfairly discredit Plaintiff, that serial litigation is a legitimate means of enforcing the ADA, and that Plaintiff's motives for choosing federal court as its forum are irrelevant. (ECF No. 10 at 20–24.) In considering these arguments, the Court recognizes that a Plaintiff's selection of the most advantageous forum is neither an improper nor an "unusual circumstance." *White v. Wisco Restaurants, Inc.*, No. 17-CV-103-L, 2018 WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018). Afterall, the plaintiff is "the master of the claim." *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Nonetheless, the Court ultimately finds Defendant's arguments more persuasive. Plaintiff is free to pursue his ADA claim here in federal court, and to seek damages for the Unruh claim in state court. Alternatively, Plaintiff may take both claims to state court. Regardless, the Court finds that either arrangement, though somewhat duplicative, better accommodates the passage of California's statute on high frequency litigants and appropriately discourages serial litigants from "us[ing] the federal court system as a loophole to evade California's pleading requirements." *Rutherford*, 2019 WL 1057919, at *5; *see also Theroux*, 2019 WL 6829096, at *4; *Schutza*, 262 F. Supp. 3d at 1031.

//
//
//
//
//
//

9

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss for lack of standing and for a more definite statement. The Court **GRANTS** Defendant's motion to decline supplemental jurisdiction.

The hearing on this matter set for January 24, 2020 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge